UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 1:22 CR 148 SNLJ |
| BRITTNEY D. BULLINER, ) | |
| Defendant. ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Brittney D. Bulliner, represented by defense counsel Amanda Altman, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Theft of United States Mail, as charged in Counts I and II of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's theft of United States Mail in 2022, of which the Government is aware at this time.

1

The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3. **ELEMENTS:**

As to charge in Counts I and II of the Indictment of Theft of United States Mail, the defendant admits to knowingly violating Title 18, United States Code, Section 1709, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> *One*, the defendant was an officer or employee of the United States Postal Service at the times stated in the Indictment;
>
> *Two*, in her position with the Postal Service, the defendant had possession of (describe the mail matter, e.g., a letter) that was intended to be conveyed by mail;
>
> *Three*, the defendant took or removed the contents of the letter with the intent to convert it to her own use.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning in April 2022, Poplar Bluff, Missouri residents began complaining about receiving rifled mail with missing contents. The losses continued sporadically during the months of May, June and July 2022. On August 18, 2022, Poplar Bluff Sales & Service Distribution

Clerk Brittney Bulliner (Bulliner) was identified as a possible suspect. Investigation determined that Defendant Bulliner was responsible for the theft of incoming and outgoing mail at the Poplar Bluff, Missouri, Post Office. During an interview with USPS OIG agents, Bulliner admitted to stealing contents of greeting cards placed in the U.S. Mail by postal customers. The investigation identified at least forty-five (45) Postal Service individuals who were missing mail taken by Defendant Bulliner. During an interview with Postal Inspectors, Bulliner admitted to stealing cash and gift cards from the mail and estimated she embezzled approximately $150.00 in postal funds as well.

On August 19, 2022, United States Postal Service Office of Inspector General Agent Redman prepared a greeting card to be utilized as a test mail piece. He used two (2) $25.00 Walmart gift cards bearing gift card numbers 6185 1664 5482 0194 and 6185 1664 5481 1488. The gift cards were placed inside a greeting card then placed inside a blue envelope addressed to: Syd Nicols, 98 Apple Street, Poplar Bluff, MO 63901. The address is a No Such Number in Poplar Bluff, Missouri. The return address was an address in Germantown, Illinois. On August 20, 2022, Agent Redman caused the test greeting card to be placed into mail which was to be worked by Bulliner. On August 26, 2022, Agent Redman inquired on the balances of both gift cards. According to the automated call center, both gift cards had zero balances and were redeemed on August 23, 2022.

On September 1, 2022, Walmart provided Agent Redman with transactional information related to the two Walmart gift cards. According to transactional records, the gift cards were used in connection with an on-line pick-up order on August 23, 2022 at the Poplar Bluff, Missouri, Walmart store. According to Walmart records, the customer was identified as

3

Defendant Brittney Bulliner. According to the transactional report, two (2) Huffy bicycles were purchased with the gift cards, along with a third gift card.

On September 15, 2022, Agent Redman met with Poplar Bluff Postmaster Christina Strauch at the Broseley, Missouri Post Office at approximately 8:50 AM. According to Strauch, Bulliner was scheduled to work alone at the Broseley Post Office later that morning. Agent Redman placed a test greeting card, containing a Kohl's gift card which had no actual balance, into a mail tray at approximately 8:55 AM. Both Strauch and Agent Redman departed the Broseley Post Office at 9:00 AM. At 10:13 AM, Postal agents determined that Bulliner had opened the test mail piece. Agents then identified themselves to Bulliner and questioned her about the missing mail. Agents also discovered seventeen outgoing greeting cards that had been taped shut. Bulliner explained that she had stolen the greeting cards two days earlier, had taken them home and then opened them. But none of the cards contained any contents, so she brought them back to the Post Office, taped them shut, then placed them in the outgoing mail. Bulliner also admitted stealing and opening the blue greeting card containing the Kohl's gift card.

As charged in Count I of the Indictment, on and between the dates of August 20 and 23, 2022, and as charged in Count II of the Indictment, on or about September 15, 2022, in Butler County, in the Eastern District of Missouri, defendant Bulliner knowingly took and embezzled envelopes and letters, which contained Walmart gift cards as alleged in Count I, and a Kohl's gift card as alleged in Count II, which had been entrusted to her, and which came into her possession in her position with the United States Postal Service, and which was intended to be conveyed by mail and carried and delivered by any carrier, agent, and other person employed in any

department of the Postal Service, and Defendant Bulliner took and removed the contents of the letters, being the Walmart and Kohl's gift cards, with the intent to convert them to her own use.

## 5. STATUTORY PENALTIES:

As to Counts I and II, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than five years, a fine of not more than $ 250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

## 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree that the base offense level is 6 pursuant to Section 2B1.1(a)(2).

**(2) Specific Offense Characteristics:** The parties agree that the loss pursuant to 2B1.1(b)(1)(B) is less than $6,500, so there is no increase based on the amount of loss sustained by the United States Postal Service. The parties have not reached agreement as to whether any other Specific Offense Characteristics pursuant to Chapter 2 of the Guidelines

should apply.

### b. Chapter 3 Adjustments:

(1) **Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1, because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments:** The parties have not reached agreement as to whether any other adjustments pursuant to Chapter 3 of the Guidelines should apply.

**c. Estimated Total Offense Level:** The parties do not have an estimate of the Total Offense Level.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

6

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:** The parties reserve the right to appeal any sentencing issue.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

   d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $ 200.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment, including to the United States Postal Service in the amount of $100.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon her interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

\_9 FEBRUARY 2023\_
Date

_____
PAUL W. HAHN
Assistant United States Attorney

\_2/9/23\_
Date

_____
BRITTNEY D. BULLINER
Defendant

\_2/9/23\_
Date

_____
AMANDA ALTMAN
Attorney for Defendant